**MING KUN CHEN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 06–2850–ag.

United States Court of Appeals, Second Circuit.

April 27, 2007.

Steven A. Mundie, Genie Moody, on the brief, Baron, Mundie & Shelkin, PC, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Michelle G. Latour, Assistant Director, Cindy S. Ferrier, Senior Litigation Counsel, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI, Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Ming Kun Chen, a native and citizen of China, seeks review of a November 14, 2006 order of the Board of Immigration Appeals, summarily affirming the May 13, 2005 decision of Immigration Judge ("IJ") Noel Brennan, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dan Chen,* No. A98 356 420 (B.I.A. November 14, 2006), *aff'g* No. A98 356 420 (Immig.Ct.N.Y. May 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and affirms the IJ's decision, with slight supplementation and modification, this Court reviews the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005); *Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004)

The agency's adverse credibility finding was supported by substantial evidence. Chen submitted into evidence a summons for his arrest, and when asked about it on cross examination said that someone in his family received it after he had left China. But, in his direct examination, Chen stated that he had no evidence or information that the police were looking for him. As this direct contradiction goes to the heart of Chen's claim of fear of future persecu-

tion, the agency was entitled to give it substantial weight in determining credibility. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003).

In addition, while, as the IJ correctly noted, Chen's consistent use of the same three words "truthfulness, benevolence, and forbearance" whenever asked about Falun Gong is not itself evidence supporting an adverse credibility finding, his repetition of the three words even in answer to questions in which the response was clearly inappropriate, does provide some evidence undercutting his claim to have been a member of Falun Gong. And, more generally, although Chen's asylum claim was based on his role as a recruiter for the Falun Gong whose job it was to describe Falun Gong to prospective members, the IJ could properly find that Chen's testimony about the Falun Gong suggested an inability to explain the movement. *Cf. Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (finding that an IJ erred in basing the adverse credibility determination on the alien's lack of knowledge of religious doctrine, but noting that an alien's lack of doctrinal knowledge may be relevant if the alien was a "teacher of, or expert in, the religion in question"). Finally, the IJ could properly give little weight to a document allegedly from a Falun Gong organization, which stated that Chen was a member, when Chen admitted to having no knowledge of that document.

While any of these factors standing alone might not have sufficed to constitute substantial evidence of a lack of credibility, the BIA emphasized that it was the combination of all of these problems which led it to reach the adverse credibility finding. We agree that taken in the aggregate and measured against the record as a whole, these inconsistencies and implausibilities are sufficient to support the denial of Chen's asylum claim on adverse credibility grounds.

This Court may review only those categories for relief that an applicant raises before the BIA. 8 U.S.C. § 1252(d)(1); *see Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 117–19 (2d Cir.2007), *amending Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101 (2d Cir.2006). Although Chen challenges the denial of his withholding of removal claim in his brief to this Court, even construing his *pro se* brief to the BIA broadly, he did not riase that claim to the BIA. Accordingly, this claim is unexhausted and we dismiss it for lack of jurisdiction. *Id.* Chen does not make any arguments regarding the denial of his CAT claim, and as such, we consider that claim waived. *See, e.g., Jian Wen Wang v. BCIS*, 437 F.3d 276, 278 (2d Cir.2006).

For the foregoing reasons the petition for review is DENIED in part and DISMISSED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).